(79 Misc. Rep. 415.)

GRIFFIN v. FLANK.

(Supreme Court, Appellate Term, First Department. February 14, 1913.)

COSTS (§ 189*)—COURTS (§ 57*)—STENOGRAPHERS' FEES—UNOFFICIAL.

There is no obligation upon a stenographer to furnish a copy of the minutes written out from the notes of his predecessor, who has died, at the rates provided for by law under Judiciary Law (Consol. Laws 1909, c. 30) §§ 299–303, defining the duties of court stenographers, etc., and his fees, or those of an unofficial stenographer, as long as reasonable, are taxable as costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 744–749; Dec. Dig. § 189;* Courts, Cent. Dig. §§ 198–200; Dec. Dig. § 57.*]

Appeal from City Court of New York, Special Term.

Action by Katherine Griffin against Michael L. Flank. Judgment for plaintiff. From an order denying defendant's motion to retax costs, he appeals. Affirmed.

See, also, 138 N. Y. Supp. 1118.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Rosenthal & Steckler, of New York City (David Steckler, of New York City, of counsel), for appellant.

P. Henry Delehanty, of New York City (Sumner B. Stiles, of New York City, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GERARD, J. This is an appeal from an order denying defendant's motion to retax a bill of costs upon a judgment of affirmance. Plaintiff obtained a verdict in her favor, which was not entered until nearly two years thereafter, two months before which time the official stenographer, who reported the trial, died. Defendant in making his case procured the services of an expert to transcribe the minutes, and paid him the sum of $150, and agreed to pay him a further sum of $250 in the event of defendant's success upon a retrial.

In order to make her amendments to the case, plaintiff applied to the same stenographer and obtained a copy of the minutes, agreeing to pay therefor the sum of $175. Upon the taxation of costs, the plaintiff taxed this item of $175 over the objection and exception of the defendant. This amount of $175 was in excess of the amount which a stenographer is entitled to charge under section 3311 of the Code.

The appellant claims that, the official stenographer having died, the plaintiff was bound to apply to his successor for a copy of the testimony, and that she cannot tax a greater sum than the official stenographer could demand as his fees. It is provided by section 299 of the Judiciary Law, as follows:

"If the stenographer dies or his office becomes otherwise vacant before the expiration of the time specified in the last section, the original stenographic notes taken upon trials and hearings must be delivered to his successor in office, to be held by him with like effect, as if they had been taken by him."

But I have failed to find any statute which requires the official stenographer so taking possession of the minutes of his predecessor to transcribe and furnish the minutes taken by that predecessor at the official rates. Section 300 of the Judiciary Law provides that stenographers must furnish, gratuitously, copies of proceedings to judges holding a term or sitting which he (the stenographer) has attended. Section 301 provides that the stenographer shall, upon payment of his fees allowed by law, furnish a certified transcript of the whole or any part of his minutes in any case reported by him, and section 302 makes it the duty of a stenographer to write out proceedings in full on request, and section 303 provides that each stenographer must, upon request, furnish with all reasonable diligence to the parties in civil causes in which he has attended the trial or hearing a copy written out at length from his stenographic notes of the testimony, etc., upon payment of the fees allowed by law.

From these quotations from the statute it is plainly to be seen that there is no obligation upon a stenographer to furnish a copy of the minutes written out from the notes of his predecessor at the rates provided for by law. A successful respondent is entitled to tax the necessary disbursements, and it has been held that, where an unofficial stenographer is employed in an action, he is not limited as to his fees by the section which applies only to the official stenographers. Eckstein v. Schleimer, 62 Misc. Rep. 635, 116 N. Y. Supp. 7.

In the case at bar an expert was employed to transcribe the minutes of the deceased stenographer, and the court below has found as a fact that the sum paid him was reasonable, and there is evidence to

support this finding in the amount paid to the same expert for the same work by the defendant's attorneys, and Verbank, the expert, makes affidavit that such charge was reasonable.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur..